UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

                                                                                                                                      CIVIL ACTION
                                                                                                                                      NO.

KIMBERLY A. VIEIRA,
        PLAINTFF

VS.                                                                                                             COMPLAINT

MICHAEL S. PESSOA, DAVID
MEDEIROS, JOSEPH TEIXEIRA
AND THE CITY OF FALL RIVER,
        DEFENDANTS

## PARTIES

1. The Plaintiff is a resident of Fall River, Bristol County, Massachusetts.

2. The Defendant, Michael S. Pessoa, (hereinafter referred to as "Pessoa") is and was, at all times described herein, employed by the Defendant, City of Fall River, as a police officer in the City of Fall River Police Department; and, this action is brought against him in his individual capacity, for acts which he committed under color of law, in the course of his said employment as a police officer.

3. The Defendant, David Medeiros, (hereinafter referred to as "Medeiros") is and was, at all times described herein, employed by the Defendant, City of Fall River, as a police officer in the City of Fall River Police Department; and, this action is brought against him in his individual capacity, for acts which he committed under color of law, in the course of his said employment as a police officer.

1

4. The Defendant, Joseph Teixeira, a/k/a Joseph Texeira, (hereinafter referred to as "Teixeira") was, at all times described herein, employed by the Defendant, City of Fall River, as a police officer in the City of Fall River Police Department; and, this action is brought against him in his individual capacity, for acts which he committed under color of law, in the course of his said employment as a police officer.

5. The Defendant, City of Fall River, is a lawfully existing municipal corporation and political subdivision of the Commonwealth of Massachusetts, which operates and maintains the City of Fall River Police Department, and was doing so, at all times described herein.

JURISDICTION

6. This complaint seeks relief, pursuant to section 1983 of Title 42 of the United States Code, based upon violations of rights guaranteed to the Plaintiff, under the 1st, 4th and 14th Amendments to the Constitution of the United States, as to which jurisdiction resides in this Court, pursuant to sections 1331 and 1343 of Title 28 of the United States Code. Further, supplemental jurisdiction exists in this Court over the Plaintiff's claims under state law, as stated herein, pursuant to section 1367 of Title 28 of the United States Code.

FACTS COMMON TO ALL COUNTS

7. On or about October 22, 2017, the Plaintiff was lawfully on the premises of a retail store located in Fall River, Bristol County, Massachusetts, for the purpose of returning a child, whom she was accompanying, to that child's mother, Joanne Costa, (hereinafter referred to as "Costa"), who was shopping at that store.

8. After arriving at said store, the Plaintiff was standing in the check-out area of said store, in company with Costa, the child and a third individual, Robert Tripp, (hereinafter referred to as "Tripp"), while Costa was cashing-out her purchases. At that time, Pessoa and Medeiros entered the store, in the course of their employment as police officers, appeared to converse with a store employee, confronted the Plaintiff, Costa and Tripp and ordered Costa and Tripp to step out of the check-out line. At that point, Costa gave her debit card to the Plaintiff for the purpose of the Plaintiff cashing-out Costa's purchases, while Costa and Tripp followed the order of Pessoa to step out of the check-out area and accompany him and Medeiros outside of the store.

9. The Plaintiff then cashed-out Costa's purchases and walked with the child out of the store to the area, where Costa and Tripp, neither of whom were under arrest or charged with any crime, were standing with Pessoa and Medeiros. As the Plaintiff did so, she lawfully began video recording the interaction of Pessoa and Medeiros and said individuals on her cell phone, at which time Pessoa ordered her to stop recording that interaction. In response, the Plaintiff told Pessoa that she had the right to record and continued to record, while she walked to a location in the general vicinity of, but not intruding upon, where Costa and Tripp were standing with Pessoa and Medeiros; at which point, the Plaintiff verbally and lawfully inquired of Costa and Tripp as to the nature of what was occurring.

10. Upon the Plaintiff making such inquiry, however, Pessoa again told the Plaintiff that she could not record, to which the Plaintiff responded that she was not doing anything wrong and that she could record; at which point, Costa, who was not under any lawful restraint from doing so, lawfully stepped towards the Plaintiff, to speak with her. Simultaneously, however, Pessoa

unlawfully seized the Plaintiff, placed the Plaintiff in handcuffs and placed the Plaintiff in a police vehicle, without a warrant to arrest the Plaintiff, without any probable cause to believe that the Plaintiff had committed, was committing or was about to commit any offense and without any lawful justification whatsoever for said warrantless seizure of the Plaintiff; rather, Pessoa effectuated that unreasonable seizure of the Plaintiff, in retaliation for, and to prevent, the exercise by the Plaintiff of her lawful rights to engage in such video recording and to speak.

11. Subsequent to Pessoa placing the Plaintiff in the vehicle, Pessoa and Medeiros got into that vehicle; and, the Plaintiff asked Pessoa why she was being arrested. In response, Pessoa informed the Plaintiff that she was being charged with interfering with a police investigation and told her to "shut up, you crackhead," in response to which the Plaintiff verbally asserted that she had a right to speak. Upon arrival at the Fall River police station, however, Pessoa unlawfully, in retaliation for the Plaintiff having exercised her rights to speak and video record the police, physically injured the Plaintiff by assaulting and battering her, while she was still seated in the vehicle, including forcefully squeezing the Plaintiff by the back of her neck and repeatedly slamming her face down to hit hard against her knee, slamming her against the seat of the vehicle and choking her with his hands and/or arm around her neck and throat. Attached hereto as Exhibit No. 1 and incorporated herein by reference are photographs, which are fair and accurate representations of injuries caused to the Plaintiff, as a result of said assault and battery.

12. While Pessoa was engaged in said unlawful seizure of the Plaintiff and then assaulting and battering the Plaintiff, Medeiros was present and aware of said unlawful seizure and subsequent assault and battery taking place but failed to take any action to protect the Plaintiff from said

unlawful seizure by Pessoa or to stop Pessoa from committing said assault and battery upon the Plaintiff, despite having an opportunity and duty, as a police officer, to do so, including failing to protect the Plaintiff from said assault and battery, despite the Plaintiff telling him that Pessoa was hurting her and asking him to protect her, while said assault and battery was taking place.

13. Following said assault and battery by Pessoa, the Plaintiff was taken into the Fall River police station, where Teixeira was on duty as the booking officer. At that time, the Plaintiff asked Teixeira for help and protection from Pessoa and informed him that Pessoa had just assaulted her; and, Teixeira responded to her by saying, "If you don't shut up, bitch, I'm going to assault you next." Said threat to assault the Plaintiff was intended to, and did, demean, humiliate, harass and discriminate against the Plaintiff, as a woman, placed her in fear of being punished for exercising her right to free speech, placed her in fear of further violation of her physical safety by the police, while being held in custody, and caused her severe emotional distress..

14. The Plaintiff then was booked on charges of assault and battery on a police officer, resisting arrest, interfering with a police officer and threatening to commit a crime, subsequent to which the Plaintiff was released from custody at the Fall River police station. Said release of the Plaintiff, however, only took place, after the Plaintiff continued to be unlawfully held in custody for over four hours, after bail had been set and payment made by the Plaintiff, despite the lack of any lawful basis whatsoever for such continued detention.

15. On 10/23/2017, a criminal complaint was issued from the Fall River District Court charging the Plaintiff with having committed an assault and battery on a police officer, resisting arrest,

interfering with a police officer and threatening to commit a crime, in regard to said incident. Subsequently, however, all of said charges against the Plaintiff were dismissed by order of a judge of the Fall River District Court, based on the repeated failure of the prosecution to produce discovery ordered by the Court, including but not limited to the Fall River Police Department video of the booking of the Plaintiff.

16. As a direct and proximate result of said actions by Pessoa and Medeiros, the Plaintiff was caused to be deprived of her rights to video record the police and to speak, to suffer physical injuries entailing pain and suffering, to be unlawfully held in custody by the police and to suffer severe emotional distress, fear and humiliation. In addition, as a direct and proximate result of said actions by Teixeira, the Plaintiff was caused to suffer humiliation, sexual harassment and discrimination, to be placed in fear of being punished for exercising her right to free speech, to be placed in fear for her physical safety, while being held in custody at the Fall River police station, and caused to suffer severe emotional distress.

COUNT I - LIABILITY UNDER 42 U.S.C. 1983 (PESSOA & MEDEIROS)

17. Paragraphs 1 thru 16 of this Complaint are realleged and incorporated in this Count I by reference.

18. The said actions of Pessoa and Medeiros, jointly and severally, constituted violations by each of said Defendants, under color of law, of the Plaintiff's rights to video record the police and to speak, to be free from unreasonable seizures and to due process of law, as guaranteed to her under the 1st, 4th and 14th Amendments to the Constitution of the United States.

19. Pessoa and Medeiros are jointly and severally liable, in their individual capacities, to the Plaintiff for said violations of the Plaintiff's rights and for her said damages resulting therefrom plus punitive damages, interest, costs and attorney fees, pursuant to Sections 1983 & 1988 of Title 42 of the United States Code.

COUNT II - LIABILITY UNDER MASSACHUSETTS CIVIL RIGHTS ACT
(PESSOA & MEDEIROS)

20. The Plaintiff realleges and incorporates paragraphs of 1through 19 of this Complaint in this Count II by reference.

21. The said actions of Pessoa and Medeiros, jointly and severally, in addition to constituting violations of the Plaintiff's said rights under the 1st, 4th and 14th Amendments to the Constitution of the United States, also constituted violations of the Plaintiff's rights to due process of law, to be free from unreasonable seizures and to freedom to record the police and speak, as guaranteed to the Plaintiff under Articles 1, 10, 12, 14 and 16 of the Declaration of Rights of the Constitution of Massachusetts; and, said violations of the Plaintiff's said federal and state constitutional rights took place through threats, intimidation and/or coercion on the part of Pessoa and Medeiros, within the meaning of Sections 11H and 11I of Chapter 12 of the Massachusetts General Laws.

22. Pessoa and Medeiros are jointly and severally liable, in their individual capacities, to the Plaintiff for said violations of the Plaintiff's rights and for her said damages resulting therefrom

plus interest, costs and attorney fees, pursuant to Section 11I of Chapter 12 of the Massachusetts General Laws.

## COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (PESSOA & MEDEIROS)

23. The Plaintiff realleges and incorporates paragraphs of 1through 22 of this Complaint in this Count III by reference.

24. The said actions of Pessoa and Medeiros, jointly and severally, constituted extreme and outrageous conduct, which they each intended and/or knew or should have known was likely to cause the Plaintiff to suffer severe emotional distress and which, in fact, caused the Plaintiff to suffer severe emotional distress, such as to constitute the intentional infliction of emotional distress on the Plaintiff by said Defendants, pursuant to the common law of Massachusetts..

25. Pessoa and Medeiros are jointly and severally liable to the Plaintiff for her damages due to said intentional infliction of emotional distress suffered by the Plaintiff plus interest and costs.

## COUNT IV- ASSAULT AND BATTERY (PESSOA & MEDEIROS)

26. The Plaintiff realleges and incorporates paragraphs of 1through 25 of this Complaint in this Count IV by reference.

27. Pessoa and Medeiros are jointly and severally liable to the Plaintiff for damages for the said injuries which the Plaintiff suffered, as a result of said assault and battery inflicted upon her, pursuant to the common law of Massachusetts.

### COUNT V - 42 U.S.C. 1983 (TEIXEIRA)

28. The Plaintiff realleges and incorporates paragraphs 1 through 27 of this Complaint in this Count V by reference.

29. The said actions by Teixeira constituted violations under color of law of the Plaintiff's rights to be free from unreasonable seizures, freedom of speech, due process of law and equal protection of the law, as guaranteed to her under the 1st, 4th and 14th Amendments to the Constitution of the United States.

30. Teixeira is liable in his individual capacity to the Plaintiff for damages arising from said violations of her said rights plus punitive damages, interest, costs and attorney fees, pursuant to section 1983 of Title 42 of the United States Code.

### COUNT VI - LIABILITY UNDER MASSACHUSETTS CIVIL RIGHTS ACT (TEXEIRA)

31. The Plaintiff realleges and incorporates paragraphs 1 through 30 of this Complaint in this Count VI by reference.

32. In addition to said violations of the 1st, 4th and 14th Amendments to the Constitution of the United States, said actions of Teixeira constituted violations of the Plaintiff's rights to free

speech, to equal protection of the law, to be free from unreasonable seizures and to due process of law, as guaranteed to her under Articles 1, 10, 12, 14 and 16 of the Declaration of Rights of the Constitution of Massachusetts; and, all of said violations of the said provisions of the federal and state constitutions took place by threats, intimidation and/or coercion, on the part of Teixeira, with the meaning of Sections 11H and 11I of Chapter 12 of the Massachusetts General Laws.

33. Teixeira is liable in his individual capacity to the Plaintiff for damages, plus interest, costs and attorney fees, pursuant to section 11I of Chapter 12 of the Massachusetts General Laws.

COUNT VII - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (TEIXEIRA)

34. The Plaintiff realleges and incorporates paragraphs of 1through 33 of this Complaint in this Count VII by reference.

35. The said actions of Teixeira constituted extreme and outrageous conduct, which he intended and/or knew or should have known was likely to cause the Plaintiff to suffer severe emotional distress and which, in fact, caused the Plaintiff to suffer severe emotional distress, such as to constitute the intentional infliction of emotional distress on the Plaintiff by Teixeira, pursuant to the common law of Massachusetts..

36. Teixeira is liable to the Plaintiff for damages due to said severe emotional distress suffered by the Plaintiff plus interest and costs.

## COUNT VIII - LIABILITY UNDER 42 U.S.C. 1983 (CITY OF FALL RIVER)

37. The Plaintiff realleges and incorporates paragraphs of 1 through 36 of this Complaint in this Count VIII by reference.

38. As of the time of said violations of the Plaintiff's rights under the 1st, 4th and 14th Amendments of the Constitution of the United States by Pessoa, Medeiros and Teixeira, as described herein, the City of Fall River was on notice and aware, that Pessoa repeatedly had engaged in violating the 1st, 4th and 14th Amendments to the Constitution of the United States, through unreasonable seizures involving the use of excessive physical force upon arrestees and other persons with whom he had come in contact, in the course of his employment as a police officer in the City of Fall River Police Department, and that other officers in said police department failed to intervene to prevent Pessoa from engaging in such actions, despite those officers having a duty to do so, including the City of Fall River having been aware of prior civil actions brought against Pessoa, pursuant to 42 U.S.C. sec. 1983, based upon such constitutional violations by Pessoa.

39. As of the time of said violations of the Plaintiff's rights under the 1st, 4th and 14th Amendments, however, the City of Fall River had failed to train and supervise Pessoa and other officers of the Fall River Police Department not to engage in such unlawful behavior and continued to employ Pessoa as a police officer, with deliberate indifference to the fact that it knew or should have known that Pessoa was likely to violate the said 1st, 4th and 14th Amendment rights of members of the public, with whom he would come in contact, such as the Plaintiff, in the course of his employment, as a police officer.

40. As a result, the said actions of Pessoa, Medeiros and/or Teixeira, as described herein, took place as the direct and proximate result of a policy, custom and/or usage of the City of Fall River not to train and supervise Pessoa and the other officers employed in the Fall River Police Department not to engage in such unlawful behavior and to continue to employ Pessoa as a police officer.

41. The City of Fall River is liable to the Plaintiff for the said violations of the said rights of the Plaintiff by Pessoa, Medeiros and/or Teixeira and her damages resulting therefrom, pursuant to section 1983 of Title 42 of the United States Code.

## RELIEF REQUESTED

Wherefore, the Plaintiff respectfully requests that:

(a) as to Count I, the Plaintiff be awarded judgment against Pessoa and Medeiros, jointly and severally, pursuant to 42 U.S.C. section 1983, for compensatory damages plus punitive damages, interest, costs and attorney fees;

(b) as to Count II, the Plaintiff be awarded judgment against Pessoa and Medeiros, jointly and severally, pursuant to Massachusetts General Laws Chapter 12, sec. 11I, for compensatory damages plus interest, costs and attorney fees;

(c) as to Count III, the Plaintiff be awarded judgment against Pessoa and Medeiros, jointly and severally, pursuant to the Massachusetts common law, for compensatory damages plus interest and costs;

(d) as to Count IV, the Plaintiff be awarded judgment against Pessoa and Medeiros, jointly and severally, pursuant to the Massachusetts common law, for compensatory damages plus interest and costs;

(e) as to Count V, the Plaintiff be awarded judgment against Teixeira, pursuant to 42 U.S.C. section 1983, for compensatory damages plus punitive damages, interest, costs and attorney fees;

(f) as to Count VI, the Plaintiff be awarded judgment against Teixeira, pursuant to section 11I of Chapter 12 of the Massachusetts General Laws, for compensatory damages plus interest, costs and attorney fees;

(g) as to Count VII, the Plaintiff be awarded judgment against Teixeira, pursuant to the Massachusetts common law, for compensatory damages plus interest and costs; and,

(h) as to Count VIII, the Plaintiff be awarded judgment against the City of Fall River, pursuant to 42 U.S.C. section 1983, for compensatory damages plus interest, costs and attorney fees.

DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury as to all issues contained in this complaint.

BY PLAINTIFF'S ATTORNEY,
/s/ Paul W. Patten
SUITE 221
56 NORTH MAIN STREET
FALL RIVER, MA 02720
(508)672-3559
BBO # 391400
paulpatten@comcast.net

DATED: 10/09/2020